FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES WAYNE LUCE,

    Defendant - Appellant.

No. 22-8047
(D.C. No. 1:21-CR-00013-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in James Wayne Luce's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Exercising jurisdiction

under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Luce pleaded guilty to production of child pornography.  Pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of

no more than 240 months' imprisonment would be appropriate.  As part of his plea

agreement, Mr. Luce waived his right to appeal his conviction and sentence, unless

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the government appealed the sentence or the court sentenced him based on an upward departure from or variance above the applicable guidelines range.[1]  Mr. Luce acknowledged in the plea agreement that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the sentences that could be imposed and that he was waiving his appellate rights.  At the change of plea hearing, the district court reminded him of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty.  Based on Mr. Luce's responses to the court's questions and its observations of his demeanor during the hearing, the court accepted his plea as having been knowingly and voluntarily entered.

The court then sentenced Mr. Luce to 240 months.  The sentence is below the guidelines range, is within the range the parties agreed was appropriate, and the government did not appeal it.  Despite the fact none of the exceptions to the appeal waiver applied, Mr. Luce filed a notice of appeal.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the appeal waiver, whether the defendant knowingly and voluntarily waived his right to appeal, and "whether enforcing the waiver would result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.

---

[1] Mr. Luce also waived his right to collaterally attack his sentence, but he reserved the right to raise a claim that he was prejudiced by ineffective assistance of counsel or prosecutorial misconduct, subject to the requirements of 28 U.S.C. § 2255 or other applicable law.  He also reserved the right to seek a sentencing reduction under 18 U.S.C. § 3582(c).

In response to the government's motion to enforce, Mr. Luce, through counsel, indicated that he "does not object to the enforcement of the waiver and dismissal of his appeal." Resp. to Mot. to Enforce at 1. By doing so, he conceded that his waiver was knowing and voluntary, that his appeal falls within the scope of the waiver, and that enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not address uncontested *Hahn* factors).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam